UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| PHILIP M. ANDREWS, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 3:06-cv-1772 (VLB) |
| CITY OF HARTFORD, | : | |
| Defendant. | : | July 25, 2007 |

## MEMORANDUM OF DECISION GRANTING THE DEFENDANT'S MOTION TO DISMISS [Doc. #10] AND DENYING THE PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL [Doc. #4] AND FOR INJUNCTIVE RELIEF [Doc. #14]

The *pro se* plaintiff, Philip Andrews, brought this civil rights action under 42 U.S.C. § 1983 claiming the defendant, the City of Hartford (the "city"), violated his constitutional rights in the manner in which it handled complaints lodged by Andrews.

Presently pending before the court are three motions: 1) the city's motion to dismiss [Doc. #10]; 2) Andrews' motion for appointment of counsel [Doc. #4]; and 3) Andrews' motion for injunctive relief to preserve evidence [Doc. #14]. For the reasons hereinafter set forth the city's motion to dismiss is GRANTED and Andrews' motions are DENIED as moot.

Andrews commenced the present action on November 6, 2006, alleging the city violated his constitutional rights on six related occasions between May 1996 and September 2001. Andrews claims his rights were first violated on May 3, 1996, when two police officers unlawfully stopped and videotaped him. [Doc. #3] His remaining five claims involve follow-up investigations and allegations of

misconduct and governmental misfeasance stemming from the May 3, 1996, videotaping, culminating with a complaint which Andrews claims to have made to Hartford Mayor Eddie Perez on an unspecified date in September of 2001, which complaint Andrews claims was ignored.  Id.

Andrews previously filed a civil rights action in the Connecticut District Court in late 2004 against multiple defendants, including Mayor Perez and Police Chief Bruce Marquis, alleging the same underlying facts as in the current action. [No. 3:04-cv-1474 (SRU)]  The court (Underhill, J.) terminated the 2004 action by granting the defendants' motion to dismiss for failure to file the action within the applicable statute of limitations.  In the current action, the defendant also moves for dismissal claiming the complaint was untimely filed.

It is well settled that Connecticut's three-year statute of limitations set forth in Conn. Gen. Stat. § 52-577 applies to claims brought under 42 U.S.C. § 1983.  Lounsbury v. Jeffries, 25 F.3d 131, 134 (2d Cir. 1994).  Federal law, however, dictates when a section 1983 claim accrues.  Connolly v. McCall, 254 F.3d 36, 41 (2d Cir. 2001).  Under federal law, a claim accrues "when the plaintiff knows or has reason to know of the harm."  Eagelston v. Guido, 41 F.3d 865, 871 (2d Cir. 1994).

The nature of the allegations and their descriptions contained in the complaint shows Andrews' had knowledge of the alleged wrongs when they occurred.  He also makes no attempt to assert otherwise or to explain the delay in filing his complaint.  The simple act of exchanging one named defendant for another does not in and of itself suffice.

**Based on the foregoing, the defendant's motion to dismiss is GRANTED. Applying the three-year statute of limitations in Conn. Gen. Stat. § 52-577, the latest date on which Andrews could have timely filed a complaint was September 30, 2004. Andrews' complaint was not filed until November 11, 2006, nearly two years thereafter. The action is therefore time-barred.**

**The plaintiff's pending motions for appointment of counsel and injunctive relief are subsequently DENIED as moot.**

                                  **IT IS SO ORDERED.**

                                  _____/s/_____

                                  **Vanessa L. Bryant**

                                  **United States District Judge**

**Dated at Hartford, Connecticut: July 25, 2007.**